21 N.J. Super. 95 (1952)
90 A.2d 545
DOROTHY ROSS, PLAINTIFF,
v.
HERBERT MARX, DEFENDANT.
OVERSEER OF THE POOR, PLAINTIFF,
v.
HERBERT MARX, DEFENDANT.
Superior Court of New Jersey, Essex County Court Law Division.
Decided June 27, 1952.
*96 Mr. Sol L. Kesselman, attorney for the plaintiff Dorothy Ross.
Mr. Michael Breitkopf, attorney for the plaintiff Overseer of the Poor.
Mr. Michael G. Alenick, and Mr. Lester Sandles, attorneys for the defendant.
SPEAKMAN, J.C.C.
In a bastardy proceeding, where the only issue is the paternity of the illegitimate child, is the result of a blood grouping test disproving paternity to be treated as a form of expert evidence not necessarily barring a finding of paternity contrary to the test result, or is it to be considered conclusive evidence of non-paternity? This question, in a broader form, raised in Cortese v. Cortese, 10 N.J. Super. 152 (App. Div. 1950) and there expressly left open for later decision is now presented for determination by these consolidated appeals.
In seeking the answer to this question, it is not necessary to be concerned with how such evidence should be considered in a criminal or quasi-criminal proceeding where *97 the blood is obtained without consent if, as has been suggested, the results of blood grouping tests should be treated differently in those types of proceedings than in civil proceedings. See editorial, 75 New Jersey Law Journal 73 (Feb. 14, 1952); see also, Cortese v. Cortese, supra. Although certain formal aspects of a bastardy proceeding resemble a criminal rather than a civil proceeding, and although dictum will be found from time to time to the effect that it is of a quasi-criminal nature, it appears settled in this State, as well as in a majority of our sister states, that a bastardy case is a civil proceeding. Borawick v. Barba, 7 N.J. 393 (1951); Overseer of Poor of Montclair v. Eason, 92 N.J.L. 199 (E. & A. 1918). See 7 Am. Jur. 680, sec. 81.
Furthermore, the parties here consented to the test. In fact, the test by Dr. Lester Unger was conducted pursuant to an order obtained by the appellant while the appeal was pending here. It is therefore immaterial whether the evidence be considered as having been introduced under N.J.S. 2A:83-2 or 2A:83-3 (formerly R.S. 2:99-3 and R.S. 2:99-4), for both sections provide that the result of the test shall be receivable in evidence only where definite exclusion is indicated.
The importance of determining the legal effect of a test result of non-paternity is brought into sharp focus by the record in this case. At the first trial in the court below a jury verdict in favor of the plaintiff was set aside by the trial judge. At the second trial, also before a jury, the magistrate directed a verdict in favor of the defendant on the basis of the result of the test performed by Dr. Philip Levine.
In this court, although available, a jury trial was not demanded. While the case was pending on appeal here and before trial, the plaintiff applied for an order to have a blood grouping test conducted by Dr. Lester Unger, an expert of her own choosing. Being satisfied as to Dr. Unger's qualifications, an appropriate order was entered by this court, and his report setting forth his findings that defendant could not be *98 the father of the child was admitted in evidence at the subsequent trial.
Dr. Levine, one of the world's outstanding authorities in this field, testified at the trial in this court that the test conducted by him conclusively showed that defendant could not be the father of the child. Dr. Levine further testified that Dr. Unger is recognized as an outstanding serologist and fully competent to perform blood grouping tests.
No suggestion is made that these tests were not properly conducted, and the record conclusively demonstrates that they were performed in accordance with the highest standards of accepted practice.
Excluding the results of the blood grouping tests, the other evidence in the case preponderates in favor of the plaintiffs and, without these test results, the judgment of non-paternity entered in the court below would have to be set aside and a judgment entered here that the defendant is the father of the child born to plaintiff Dorothy Ross.
In the Cortese case, supra, Judge (now Mr. Justice) Brennan, referred to the wealth of medical and legal authority attesting to the fact that a blood test, properly administered, can in some cases although not in all, conclusively disprove paternity. No medical or legal authority at that time questioned the complete accuracy, and even infallibility, of the test when properly conducted. See Shatkin, Disputed Paternity Proceedings (1st ed. 1943), p. 122 and authorities cited in the Cortese opinion, 10 N.J. Super. at p. 157. No subsequent dissent from this unanimity of opinion has been found. On the contrary it has been substantially added to. Cf. "C" v. "C," 200 Misc. 631, 109 N.Y.S.2d 276 (Sup. Ct. 1951). See 40 Kentucky Law Journal 200-3 (Jan. 1952); 40 Georgetown Law Journal 340-3 (Jan. 1952); 35 Minnesota Law Review 515-18 (April 1951); 115 Justice of the Peace 353 et seq., 451 et seq., 663 et seq. (June, July and October 1951).
It is universally accepted in medical and scientific fields that the result of a blood grouping test disproving *99 paternity or, to use the language of the statute, indicating definite exclusion of parentage, is not an expression of opinion upon which experts can differ but, rather, is the statement of a scientifically established fact. It is a scientifically established fact just as it is a scientifically established fact that the world is round. As such it should be accepted by the courts of law. For a court to declare that these tests are not conclusive would be as unrealistic as it would be for a court to declare that the world is flat. This a court of law, whose prime function is to ascertain truth and administer justice, should not do.
Accordingly, it is held that the results of the blood grouping tests conclusively establish that the defendant is not the father of the illegitimate child born to the plaintiff Dorothy Ross.
Judgment will be entered in favor of the defendant without costs.